1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF CALIFORNIA

7
     CIGARETTE KING and SHAUKAT "SAL" )    1:05-cv-00393   OWW SMS
8    MAREDIA,                         )    1:05-CV-00402   OWW SMS
                                      )
9                  Plaintiffs,        )
                                      )    MEMORANDUM DECISION AND
10        v.                          )    ORDER RE DEFENDANT'S MOTION
                                      )    TO DISMISS AND PLAINTIFF'S
11   PHILIP MORRIS USA, and DOES 1    )    REQUEST FOR LEAVE TO AMEND
     through 10, inclusive,           )
12                                    )
                                      )
13                 Defendants.        )
                                      )
14   _____)

15
16
17              I.    INTRODUCTION

18

19        This memorandum decision and order relates to two cases with

20   the same parties and identical issues that were consolidated

21   under Case No. 1:05-cv-00393.  Defendant Philip Morris USA, Inc.

22   ("Defendant" or "Philip Morris") moves to dismiss the Complaints

23   of Plaintiffs Cigarette King and Shaukat "Sal" Maredia's

24   ("Plaintiffs").  (Doc. 11, Def.'s Mem.).[1]  Plaintiffs do not

25   oppose the motions and request leave to amend.  (Doc. 20, Pl.'s

26

27   _____

28        [1] All citations are to Documents filed in the surviving case
     (i.e., Case No. 1:05-00393).

                              1

Response).  Defendant opposes Plaintiffs' request for leave to amend.  (Doc. 21, Def.'s Reply).

## II.   **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs filed their original Complaints *pro se* in the Superior Court of California, County of Kern and in the Superior Court of California, County of Tulare on February 3, 2005.  (*See* Case Nos. 1:05-cv-00393, 1:05-cv-00402, Doc. 1, Notice of Removal, Ex. A).  Philip Morris removed the cases to federal district court on March 3, 2005, based on diversity of citizenship.  (*Id*. at ¶ 4).  On March 28, 2005, Philip Morris moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 11, Def.'s Mem.).

On May 10, 2005, Plaintiffs filed a Response to Philip Morris' Motion to Dismiss.  (Doc. 20, Pl.'s Response). The "Response" is a non-opposition to Philip Morris' motion and a request for leave to amend.  (*Id*. at 3 ("Plaintiff respectfully requests that Defendants [sic] Motion be sustained and that the Court grant Plaintiff sufficient leave to properly amend the Complaint as to any causes of action, the allegations constituting such cause of action and/or the prayer for damages, as appropriate.")).  Philip Morris opposes the request for leave to amend.  (Doc. 21, Def.'s Reply).

This breach of contract action arises out of Plaintiffs' allegation that Philip Morris breached its agreement with Plaintiffs to pay for merchandise, including "tobacco, supplies, promotional allowances and merchandise payments."  (*See* Case No.

1:05-cv-00402, Doc. 1, Compl. ¶¶ 5, 6, 8, 10, 12).  Plaintiffs'
claims in Case No. 1:05-cv-00402 relate to three "Cigarette King
Retail Tobacco Stores" located in Bakersfield, California.  (*See
id*. at Ex. A).  Plaintiffs claim Philip Morris owes them
approximately $262,676.00 for merchandise relating to the
Bakersfield stores.

Plaintiffs filed an identical Complaint against Philip
Morris in the Superior Court of California, County of Tulare, on
February 3, 2005.  (*See* Case No. 1:05-cv-00393, Doc. 1, Notice of
Removal, Ex. A Tulare Compl. at Ex. A).  The Tulare County Case
relates to "Cigarette King Retail Tobacco Stores" located in
Visalia, California, and another store located in Porterville,
California.  Plaintiffs allege that Philip Morris owes them
$74,184.00 as to the Visalia and Porterville stores.  (*Id*. at Ex.
A, Tulare Compl. ¶¶ 5, 6, 8, 10, 12).

Oral argument was heard on May 23, 2005.  (Doc. 23,
Minutes).  Mr. Shaukat Maredia appeared *pro se*.
Steven S. Spaulding, Esq., appeared on behalf of Defendant.  At
oral argument, Case No. 1:05-cv-00393 and 1:05-cv-00402 were
consolidated for all purposes under Case No. 1:05-cv-00393.  This
memorandum decision relates to the Complaints for both cases.

### III.   <u>LEGAL ANALYSIS</u>

#### A.   <u>Legal Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).</u>

Plaintiffs do not oppose Defendant's Motion to Dismiss and
request leave to amend.

1    Plaintiff Mr. Maredia is a *pro se* litigant.  The court has a
2 "duty...to construe *pro se* pleadings liberally." *Zichko v.*
3 *Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (citing *Hamilton v.*
4 *U.S.*, 67 F.3d 761, 764 (9th Cir. 1995) (citing *Hughes v. Rowe*,
5 449 U.S. 5, 9 (1980) (quotation omitted)).  The pleadings of *pro*
6 *se* litigants "are held to less stringent standards than formal
7 pleadings drafted by lawyers." *Hughes*, 449 U.S. at 10 (quotation
8 omitted).  A *pro se* litigant should be given leave to amend after
9 the deficiencies in the complaint have been explained, unless
10 there are no facts alleged that would entitle the litigant leave
11 to amend. *Eldridge v. Block*, 832 F.2d 1132, 1135-6 (9th Cir.
12 1987); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

13    Fed. R. Civ. P. 12(b)(6) allows a defendant to attack a
14 complaint for failure to state a claim upon which relief can be
15 granted.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is
16 disfavored and rarely granted: "[a] complaint should not be
17 dismissed unless it appears beyond doubt that plaintiff can prove
18 no set of facts in support of his claim which would entitle him
19 to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980
20 (9th Cir. 2002) (citations omitted).  In deciding whether to
21 grant a motion to dismiss, the court "accept[s] all factual
22 allegations of the complaint as true and draw[s] all reasonable
23 inferences in favor of the nonmoving party." *TwoRivers v. Lewis*,
24 174 F.3d 987, 991 (9th Cir. 1999).

25    "The court need not, however, accept as true allegations
26 that contradict matters properly subject to judicial notice or by
27 exhibit.  Nor is the court required to accept as true allegations
28 that are merely conclusory, unwarranted deductions of fact, or

**4**

unreasonable inferences." *Sprewell v. Golden State Warriors*,
266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).  For
example, matters of public record may be considered, including
pleadings, orders and other papers filed with the court or
records of administrative bodies.  *See Mack v. South Bay Beer
Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Conclusions of
law, conclusory allegations, unreasonable inferences, or
unwarranted deductions of fact need not be accepted.  *See Western
Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

   **B.   Standing.**

   Philip Morris argues that Plaintiff's Complaints should be
dismissed because Plaintiffs fail to properly allege standing.
(Doc. 10, Def.'s Mem. 3).  Standing to sue is "an essential and
unchanging part of the case-or-controversy requirement of Article
III [of the United States Constitution]." *Lujan v. Defenders of
Wildlife*, 504 U.S. 555, 560 (1992).  "In essence the question of
standing is whether the litigant is entitled to have the court
decide the merits of the dispute or of particular issues."
*Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To establish a "case
or controversy" within the meaning of Article III, a plaintiff
must establish three elements:  (1) an injury in fact; (2) a
causal connection between the injury and defendant's conduct or
omissions; and (3) redressability, or the likelihood that the
injury will be redressed by a favorable decision.  *Id*. at 560-1.
In addition to these requirements, the doctrine of standing is
also based on "prudential considerations," including that the
alleged injury be in the plaintiff's own interest, as opposed to

**5**

in the interest of some third party. *See Elk Grove Unified
School Dist. v. Newdow*, 542 U.S. 1, 124 S.Ct. 2301, 2308-9
(2004).

Philip Morris does not argue that Plaintiffs have failed to
establish an injury-in-fact, causation, or redressability. Such
arguments pertain to the accuracy of Plaintiff's allegations
(rather than to their sufficiency) and would therefore be
properly addressed by a motion to dismiss for lack of subject
matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Stevens v.
Harper*, 213 F.R.D. 358, 370 n. 12 (E.D. Cal. 2002) ("[T]he proper
vehicle for contesting a court's subject matter jurisdiction,
including the plaintiff's lack of standing, is Rule 12(b)(1).").
Instead, Philip Morris argues that Plaintiff's Complaints should
be dismissed pursuant to Rule 12(b)(6) for a failure to
sufficiently *allege* standing. When a motion to dismiss
challenges the sufficiency of the allegations, the motion is
properly brought under Rule 12(b)(6) or 12(b)(1). *See id*.
(citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).
"[W]here a defendant contends that the complaint 'simply fails to
allege facts upon which subject matter jurisdiction can be
based,' the court must assume that all facts alleged in the
complaint are true; thus, 'the plaintiff, in effect, is afforded
the same procedural protection' under Rule 12(b)(1) as he would
receive on a 12(b)(6) motion." *Id*. (quoting *Adams*, 697 F.2d at
1219).

Prudential considerations require a court to gauge a party's
standing or capacity to sue through consideration of the specific
common law, statutory, or constitutional claims that a party

presents; i.e., "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984).  Plaintiffs' claims here arise out of an alleged breach of contract.  Philip Morris argues that Plaintiffs fail to allege facts supporting their standing to sue because the contract attached to Plaintiffs' Complaint "is devoid of any reference to Mr. Maredia or Cigarette King."  (Doc. 11, Def.'s Mem. 3-4 (emphasis in original)).  Furthermore, Philip Morris notes that the contracts attached to the Complaints are between Philip Morris and Wonder Cigarettes; the contracts were executed by a person named Masoud Abbasi on behalf of Wonder Cigarettes; and the address listed in the contract does not match the addresses of the stores alleged in the Complaints.[2] (*Id*.).

Philip Morris argues that Plaintiffs's allegations are not clear as to "whether [Plaintiffs] are the real parties in interest in this matter, or whether Wonder Cigarettes is the real party in interest." (*Id*. at 4).  Philip Morris cites Fed. R. Civ. P. 17(a) in support of its argument, which provides that "[e]very action shall be prosecuted in the name of the real party in interest."  Rule 17(a) further provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of

---

[2] The handwritten portions of what appears to be a Philip Morris standard form contract (attached to Plaintiffs' Complaints at Exhibit C) are almost illegible.  During oral argument, counsel for Philip Morris stated that Philip Morris was not able to locate the contract.

the action by, or joinder of substitution of, the real party in interest...."

Plaintiffs allege that they "entered into a contract (Attached Exhibit "C") with Phillip [sic] Morris USA...." (Doc. 1, Compl. ¶ 12). The contracts to which the Complaints refers are almost illegible, although they appear to name "Wonder Cigarettes" as a party. A plaintiff must allege facts supporting its standing to sue, including that it is the correct plaintiff. Plaintiffs' allegations, viewed in light of the contracts attached to Plaintiffs' Complaints, are ambiguous at best and are not sufficient to establish that Plaintiffs are the correct parties in interest.

Plaintiffs do not oppose Defendants' motion to dismiss. Plaintiffs instead request leave to amend their Complaints. During oral argument, Plaintiff Mr. Maredia stated that "Wonder Cigarettes" is a fictitious name and that he possesses and can produce a contract that names himself and/or Cigarette King as a party. Fed. R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[3] The propriety of a motion for leave to

_____

[3] Plaintiffs cite Cal. Civ. Proc. § 472 in support of its request for leave to amend. (*See* Doc. 18, Pl.'s Non-Opposition). Federal district courts sitting in diversity apply the substantive law of the forum state, but apply procedural rules as stated in the Federal Rules of Civil Procedure. *Erie R.R. Co. v. Tompkins*, 30 U.S. 64, 78 (1938). Fed. R. Civ. P. 15(a) therefore governs Plaintiffs' request to amend. The sections of the California Code of Civil Procedure that Plaintiffs cite do not apply.

amend is generally determined by reference to several factors:
(1) undue delay; (2) bad faith; (3) futility of amendment; and
(4) prejudice to the opposing party. *Hurn v. Retirement Fund
Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d
1252, 1254 (9th Cir. 1981).

Philip Morris opposes Plaintiffs' request for leave to
amend.  (Doc. 21, Def.'s Reply).  Philip Morris argues that
Plaintiffs' Complaints should be dismissed without leave to amend
because Plaintiffs' Response does not explain how it intends to
cure the defects in its Complaints. (*Id*. at 1).  Philip Morris'
argument against granting leave to amend is not persuasive in
view of clear Ninth Circuit precedent that a *pro se* litigant must
be given leave to amend after the deficiencies in the complaint
have been explained, unless there are no facts on which a claim
could succeed. *Eldridge*, 832 F.2d at 1135-6; *Ramirez*, 334 F.3d
at 861.  In addition, Philip Morris does not explain why
amendment would be futile and does not argue that Plaintiffs'
request would cause undue delay, that it is the result of bad
faith, or that granting leave to amend would cause Philip Morris
prejudice.

Philip Morris' only argument against granting leave to amend
is that no weight should be given to Plaintiff's argument that he
is without counsel, and cites the Court's Informational Order
that requires *pro se* plaintiffs to adhere to the same legal
standards as all other parties appearing before the court. (*Id*.
at 2).  However, Philip Morris fails to identify a single Local
Rule, Federal Rule of Civil Procedure, or Order with which
Plaintiff has not complied.  This demonstrates a lack of

1  knowledge of the law regarding *pro se* pleadings and the
2  precedence the Federal Rules of Civil Procedure take over local
3  court rules.

4      Philip Morris' argument for dismissal is that Plaintiffs do
5  not have standing because they fail to plead facts supporting
6  that they are the parties in interest.  Defendant cites Fed. R.
7  Civ. P. 17(a) in support of its argument, which requires that an
8  action be brought by the real party in interest.  However, Fed.
9  R. Civ. P. 17(a) further provides that no action shall be
10 dismissed because it is not prosecuted by the correct party in
11 interest until a reasonable time has been allowed for the real
12 party in interest to commence the action.

13     Defendant's Motion to Dismiss Plaintiff's Complaints on the
14 grounds of failure to allege standing to sue is **GRANTED** with
15 leave to amend.

16

17          **2.   Requirement for Corporation to be Represented by**
18              **Counsel.**

19     Philip Morris also argues that Plaintiff Cigarette King be
20 dismissed from the matter because it is not represented by an
21 attorney.  Plaintiffs' Complaints do not specify what type of
22 entity Plaintiff Cigarette King claims to be.  Assuming
23 Cigarette King is a corporation, the rule is that a corporation
24 can only appear in court through a licensed attorney.  *U.S. v.*
25 *High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.
26 1993); *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir.
27 1994); *see also Merco Constr. Engineers, Inc. v. Municipal Ct.*,
28 21 Cal.3d 724, 730 (1978); *Thomas G. Ferruzo, Inc. v. Super. Ct.*,

1 | 104 Cal. App. 3d 501, 502 (1980).

2 |      Plaintiff Mr. Maredia stated during oral argument that

3 | Cigarette King is a fictitious name.  Plaintiff was informed that

4 | the proper way to name such an entity use the phrase "doing

5 | business as" or "dba."  Plaintiff was also informed that he must

6 | properly identify all parties named in the complaint.

7 |      Philip Morris' Motion to Dismiss Cigarette King as a

8 | plaintiff on the grounds it is not properly identified in the

9 | pleading is **GRANTED** with leave to amend.

### IV.    CONCLUSION

For all the foregoing reasons, Defendant's Motions to
Dismiss Plaintiff's Complaints are **GRANTED** with leave to
amend.  Plaintiffs shall have 30 days following the date of
service of this order to file an amended complaint.
Defendant shall have 30 days following service of the
amended complaint to respond.

**SO ORDERED.**

**DATED: June 15, 2005.**

                                          **/s/ OLIVER W. WANGER**

_____

                                         **Oliver W. Wanger**
                           **UNITED STATES DISTRICT JUDGE**